# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                             Case No:   6:14-cv-10-Orl-28KRS

RONALD C. HOLLYFIELD,

                Defendant.

_____

## AMENDED REPORT AND RECOMMENDATION[1]

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 9)** |
| **FILED:** | **February 3, 2014** |

      On January 6, 2014, Plaintiff United States of America ("United States") filed the instant lawsuit against Defendant Ronald C. Hollyfield seeking to recover principal and interest owed by Hollyfield due to his failure to make payments on two student loans, along with attorney's fees and costs.   Doc. No. 1.   The Complaint was served on Hollyfield's daughter, who is 15 years of age or older, at the residence she shared with Hollyfield.   Doc. No. 6-1.   Hollyfield failed to appear and respond to the Complaint.   Following a motion from the United States, the Clerk of Court entered a default against Hollyfield.   Doc. No. 8.

---

[1] I hereby withdraw the original Report and Recommendation.   Doc. No. 10.

The United States now seeks entry of a default judgment against Hollyfield.   Doc. No. 9.

Its motion is supported by the following:

- Verified Certificate of Indebtedness (*Id.* at 6)[2];

- Declaration from counsel for the United States requesting $1,240.00 in attorney's fees (*Id.* at 7-8);

- Copies of the two promissory notes at issue in this case (*Id.* at 9-12); and

- Declaration from counsel for the United States averring, among other things, that Hollyfield is neither an infant nor an incompetent person requiring special service in accordance with Federal Rule of Civil Procedure 4(g) or serving within the armed forces of the United States so as to be entitled to the protection of 50 U.S.C. App. Section 520 (*Id.* at 13-14).

The motion also includes a section titled "Bill of Costs," in which the United States seeks to recover $40.00 pursuant to 28 U.S.C. § 1921.   *Id.* at 3.

Hollyfield was served with a copy of the motion (*see id.* at 4), but has not responded to it, and the time for doing so has passed.

I issued a Report and Recommendation on the motion for default judgment on February 25, 2014.   Doc. No. 10.   In that Report and Recommendation, I recommended, *inter alia*, that the Court: (1) grant the motion to the extent that the United States requested a judgment against Hollyfield for $14,593.35 plus accrued prejudgment interest; (2) deny the request for $40.00 in costs unless the United States provided evidence substantiating the requested costs within the time for objecting to my Report and Recommendation; and (3) deny the request for attorney's fees.   On March 10, 2014, the United States filed an objection to the Report and Recommendation.   Doc. No. 11.   In addition to documents previously filed in support of the motion for default judgment, the United States also attached the following to its objection:

---

[2] This document was also attached to the Complaint.   *See* Doc. No. 1-1.

- • Affidavit from an attorney who purports to be an expert in student loan collection cases, attesting to the reasonableness of the fee request made by counsel for the United States (*Id.* at 11-12);

- • Invoice from Investigative Process Service, Inc. showing service costs of $40.00 (*Id.* at 13).

This Amended Report and Recommendation addresses the additional evidence filed by the United States.

## II.    APPLICABLE LAW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.   *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.   Rather, the Court determines the amount and character of damages to be awarded."   *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citation omitted).   If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.   *Id*.

### III.     ALLEGATIONS OF THE COMPLAINT.

On or about May 24, 1988 and February 10, 1989, Hollyfield executed two promissory notes to secure two loans from Florida Federal/HSA, each in the amount of $2,625.00 at 8% interest for the first four years and 10% interest thereafter.   Doc. No. 1-1.   The loans were guaranteed by the State of Florida, Department of Education and then reinsured by the U.S. Department of Education under the Higher Education Act of 1965, 20 U.S.C. § 1071, *et. seq.   Id.*

The original holder of the loans (Florida Federal/HSA) demanded payment according to the terms of the notes, but received no payment.   Hollyfield defaulted on the obligations on April 25, 1990, and Florida Federal/HSA filed a claim on the loan guarantee.   Due to the default, the guaranty agency (the State of Florida, Department of Education) paid off the claim.   The guarantor was then reimbursed for that claim by the U.S. Department of Education under a reinsurance agreement.   *Id.*

The guarantor attempted to collect the debt from Hollyfield, but was unable to collect the full amount due.   On November 11, 1998, the guarantor assigned its right and title to the loans to the U.S. Department of Education.   *Id.*

The United States alleges that demand has been made upon Hollyfield, but that Hollyfield has neglected and refused to pay the amount he owes.   Doc. No. 1 ¶ 4.   Accordingly, the United States alleges that Hollyfield owes it (as of the date the Complaint was filed) the principal amount of $5,452.78, and interest in the amount of $8,786.82, together with prejudgment interest accruing at the rate of 8.000% per annum for the first four years and 10.000% per annum thereafter, or $1.20 per day.   Doc. No. 1 ¶ 3.

IV.     **ANALYSIS.**

    A.     *Liability.*

    "To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default."   *United States v. Carter*, 506 F. App'x 853, 858 (11th Cir. 2013) (citing *United States v. Lawrence*, 276 F.3d 1249, 1256 (5th Cir. 2001)) (cited as persuasive authority).   Persuasive authority from the Eleventh Circuit provides that a guaranteed student loan is not a "negotiable instrument" pursuant to Florida's commercial paper law.   Accordingly, the United States need not produce the original promissory note to recover from a defaulted student loan debtor after the debtor defaults on her obligation and the loan is assigned to the United States Department of Education pursuant to a reinsurance arrangement like that involved in this case.   *Id.*

    The body of the Complaint does not allege that Hollyfield executed the promissory notes, that the United States is the present holder of the notes, or that the notes are in default.   However, Federal Rule of Civil Procedure 10(c) provides "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."   Attached to the complaint is a verified Certificate of Indebtedness.   The Certificate avers that Hollyfield signed two promissory notes, the loans have been assigned to the Department of Education, and the notes are in default.   Doc. No. 1-1.   By failing to answer the Complaint, Hollyfield is deemed to have admitted these factual allegations.   These admissions are sufficient to establish that Hollyfield is liable for payment due under the notes.

B.      *Damages.*

The verified Certificate of Indebtedness establishes that Hollyfield failed to make any

payments of sums due under the promissory notes.   Doc. No. 1-1.   The Department of Education

avers that Hollyfield owes the United States the following sums:

| | |
|---|---|
| Principal: | $ 5,452.78 |
| Interest: | $ 6,867.61 (as of November 13, 2008) |
| Total debt as of 11/13/2008: | $12,320.39 |
| Additional prejudgment interest: | $     1.20 per day. |

*Id.*   Counsel for the United States also avers that, as of January 29, 2014, the total amount of

interest owed had increased to $9,140.57, for a debt total of $14,593.35 as of January 29, 2014.

Doc. No. 9 at 14.   This is sufficient to establish the damages due to the United States.

C.      *Costs.*

The United States seeks $40.00 in costs.   *Id.* at 3.   Pursuant to Fed. R. Civ. P. 54(d),

"costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a

United States statute or federal rule of civil procedure to the contrary.   The recovery of costs is

subject to the Court's broad discretion, *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639

(11th Cir. 1991), and is limited to those costs expressly provided for by statute, *Crawford Fitting*

*Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

With its objection to the original Report and Recommendation, the United States submitted

an invoice showing that counsel for the United States paid $40.00 to Investigative Process Service,

Inc. to serve Hollyfield.   Doc. No. 11 at 13.   This cost is taxable, and I recommend that it be

awarded.   *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (setting forth parameters

for taxing private service of process fees pursuant to 28 U.S.C. §§ 1920(1) and 1921).

D.      *Attorney's Fees.*

The United States also seeks to recover $1,240.00 in attorney's fees (representing 6.2 hours of work at $200.00 per hour), arguing that such fees may be awarded pursuant to the promissory notes and 20 U.S.C. § 1091a and its implementing regulations.   Doc. No. 9 at 2-3, 7-8.   With its original motion, the United States filed a declaration in which counsel for the United States summarized the time spent on this case and avers that $200.00 is his usual and customary hourly rate.   *Id.* at 7-8.[3]

My original Report and Recommendation recommended that the Court deny the request for attorney's fees because the United States had failed to support its requested hourly rate and because the hours for which it sought to recover were excessive (including 2.0 hours of work on "Post Judgment Collection").   Doc. No. 10 at 7.   With its objection to the original Report and Recommendation, the United States submitted an affidavit from an attorney who purports to be an expert in student loan collection cases as evidence supporting the reasonableness of its fee request. Doc. No. 11 at 11-12.

The fee expert avers that she is licensed to practice law in Florida and that she has personally represented the United States in student loan collection cases.   *Id.* ¶¶ 1- 2.   She avers that she is thoroughly familiar with the attorney's fees customarily charged in such actions.   *Id.* ¶ 2.   She avers that, after examining the files of counsel for the United States, conferring with

---

[3] This document is also in the record as Doc. No. 11 at 9-10.   I note that, while this declaration details time expended on all phases of this case, it is not supported by contemporaneous time records and the declaration itself does not identify *when* the work was performed.   The declaration also makes it unclear whether counsel for the United States performed all the work claimed.   *See* Doc. 9 at 7 (emphasis added) ("[Counsel] deposes and says . . . [t]hat he has expended time associated with the *Motion for Entry of Default Judgment*, was the timekeeper for same, and seeks an award of attorney's fees for work done as follows . . . .").   As discussed further below, counsel for the United States also avers that he has expended 2.0 hours of time associated with "Post Judgment Collection," which averment cannot be true when, as here, no judgment has been issued.

counsel for the United States, examining the work product of counsel for the United States, and considering the factors governing the reasonableness of attorney's fees under the Rules Regulating the Florida Bar, she has concluded that a reasonable fee for the services rendered in this case is 6.2 hours of work at $200.00 per hour, for a total of $1,240.00.  *Id.* ¶¶ 3-4.[4]

Because the United States has remedied, at least in part, the lack of evidentiary support for its attorney's fee request, it is now appropriate to consider whether it is entitled to recover fees in this case under governing law.   As mentioned above, the United States asserts that it is entitled to attorney's fees pursuant to the promissory notes and 20 U.S.C. § 1091a and its implementing regulations.   Doc. No. 9 at 2-3.   The motion for default judgment focused on the contours of 20 U.S.C. § 1091a and its implementing regulations, but the United States also emphasized the provisions of the promissory notes in its objection to my original Report and Recommendation. In that objection, the United States argued that the Court was required to award it attorney's fees because "a trial court lacks discretion to decline to enforce a prevailing party attorney's fees award once one party is deemed to have prevailed under the contract."   Doc. No. 11 at 3 (citing *Conway v. Conway*, 111 So. 3d 925 (Fla. 1st Dist. Ct. App. 2013)).

The United States did not direct the Court to any particular language in the promissory notes regarding attorney's fees in its motion for default judgment.[5]   In its objection to my original

---

[4] This attorney's expertise in student loan collection matters is undermined by a Report and Recommendation in *United States v. Puerto*, No. 1:12-cv-24194-DLG ("*Puerto*") at Doc. No. 17 (S.D. Fla. Sept. 9, 2013), *report and recommendation adopted by* Doc. No. 19 (S.D. Fla. Sept. 23, 2013).   The fee expert in this case was counsel for the United States in the *Puerto* case.   The Magistrate Judge observed in his Report and Recommendation that counsel for the United States in *Puerto* had not provided adequate evidence or legal authority to support the request for an award of attorney's fees.   *Id.*, Doc. No. 17 at 1-3.

[5] It did assert that the Certificate of Indebtedness "explains that the Government is entitled to collect 'administrative/collection costs' from Hollyfield under the Act."   Doc. No. 9 at 2 n.1.   A review of the Certificate of Indebtedness does not reveal any language regarding the United States's entitlement to collect administrative or collection costs.

Report and Recommendation, the United States asserted that, in the promissory notes, Hollyfield agreed to the terms of the promissory note, "which stated, *inter alia*, 'If I fail to make payments on this Promissory Note when due, I will also pay collection costs including attorney's fees and court costs.'"   Doc. No. 11 at 1-2.   The promissory notes are written in small type, are in some places difficult to read and may be incomplete in part.   Upon my independent reading of each promissory note as filed, I did not find the language quoted by counsel.   Rather, in each promissory note, Hollyfield agreed to the following if he defaulted or was delinquent in making payment on the loans:   "I agree to pay . . . [c]osts *that are permitted by Federal and State laws* and are necessary for collection of any overdue amount.   The costs may include attorney's fees . . . [emphasis added]."   Doc. No. 9 at 10, 12; Doc. No. 11 at 6, 8.[6]   This language is not blanket "prevailing party" fee language.   Instead, the promissory notes require Hollyfield to pay only collection costs permitted by federal and state laws.   In such a circumstance, the United States must show that the fees it seeks are permitted by federal and state laws before the Court can make an award.

On this point, the briefing provided by the United States is currently insufficient for the Court to determine whether the fees it seeks are permitted by federal and state laws.   As mentioned above, the United States relied on 20 U.S.C. § 1091a and its implementing regulations to show its entitlement to fees.   The United States first points out that 20 U.S.C. § 1091a(b)(1) provides that "a borrower who has defaulted on a [student] loan shall be required to pay . . . reasonable collection costs."   The United States contends that the statute's "implementing

---

[6]   The promissory notes also provide that Hollyfield agrees to pay "[c]ollection costs which do not exceed 25% of the unpaid principal and accrued interest if this loan is referred for collection to an agent or agency that is subject to the Fair Debt Collection Practices Act."   Doc. No. 9 at 10, 12; Doc. No. 11 at 6, 8. Because the United States has made no effort to establish that the loans at issue were referred for collection to an agency that is subject to the FDCPA, this provision does not appear to be the basis for the request for attorney's fees.

regulations" provide a definition for "reasonable collection costs" and refers the Court to 34 C.F.R. § 685.202(e)(2), which provides that "[i]f a borrower defaults on a Direct Loan, the Secretary [of Education] assesses collection costs on the basis of 34 CFR 30.60."  *See* Doc. No. 9 at 2-3; Doc. No. 11 at 3-4.[7]   Part 30 of 34 C.F.R. governs debt collection procedures by the Department of Education generally.   It provides that the Secretary of Education "*may* charge a debtor for the costs associated with the collection of a particular debt" and that "[t]hese costs include, but are not limited to . . . [c]ourt costs and attorney fees." 34 C.F.R. § 30.60(a)(emphasis added).

The United States relies on 34 C.F.R. § 685.202(e)(2) as the regulation that triggers collection of attorney's fees under 34 C.F.R. § 30.60 in this case.   While § 685.202(e)(2) might support an award of fees in some cases, that regulatory provision falls in the section of the regulations that apply to loans made by the Secretary of Education directly to students under the William D. Ford Federal Direct Loan Program and, by its terms, applies only when a borrower defaults on a "Direct Loan."  *See* 34 C.F.R. § 685.100 *et seq.*  Hollyfield's loans, however, do not appear to be direct loans made by the Secretary pursuant to the William D. Ford Federal Direct Loan Program but rather by a private bank under the Federal Family Education Loan ("FFEL") Program, which has implementing regulations at 34 C.F.R. Part 682.   *See* Doc. No. 1-1 ("This loan obligation was guaranteed by State of Florida, Department of Education, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, 20 U.S.C. 1071 et seq. (*34 C.F.R. Part 682*).") (emphasis added). Counsel for the United States has not cited the Court to a provision in 34 C.F.R. Part 682 which

---

[7] I note that, in both places, when the United States quoted this regulation, it did not include the words "Direct Loan," and, instead, replaced them with ellipses.

incorporates the definition of collections costs in 34 C.F.R. § 30.60 to collection of an FFEL student loan debt. Because the United States has not identified a federal or state law that applies in this case authorizing an award of attorney's fees, I cannot recommend that the Court grant its request for attorney's fees at this time.[8]

In addition to the lack of clarity surrounding the legal basis for the United States's request for attorney's fees, the evidence the United States filed in support of its objection to my original Report and Recommendation has not resolved all of the issues identified in that Report and Recommendation.   Most prominently, neither the United States nor its fee expert have explicitly addressed the question of whether the Court can award the United States fees for work that has apparently not yet been performed (identified as "Post Judgment Collection" on the declaration of counsel for the United States).   This is another reason that I cannot currently recommend that the Court grant the United States's request for attorney's fees.

Nonetheless, it is possible that the United States will be able to prevail on a request for attorney's fees if it is given another opportunity to brief the legal questions presented by its request and support that request with contemporaneous time records showing the date the work was performed, the identity of the individual who performed the work, the reasonable hourly rate

---

[8] In its papers, the United States cites to the *Puerto* case from the United States District Court for the Southern District of Florida, *see* fn. 4 *supra*, in which the court awarded attorney's fees to the United States based in part on the provisions of 34 C.F.R. § 685.202(e)(2) despite the fact that the loan in question appears not to have been a direct loan from the Secretary to the borrower.   *See Puerto*, Doc. No. 1 at 4 (specifying that the loan was made by a private bank and referencing "34 CFR 682").   Indeed, the argument the United States makes regarding its entitlement to fees precisely tracks the rationale of the *Puerto* case, including the reference to 34 C.F.R. § 685.202(e)(2).   The *Puerto* case is not binding on this Court.   In addition, I note that the *Puerto* court decided to apply 34 C.F.R. § 685.202(e)(2) *sua sponte* without the benefit of briefing from the United States as to whether that section applied to the loan at issue. Thus, the persuasive value of *Puerto* is limited.

of the person who performed the work and the actual hourly rate paid for that work or, if this is a contingent fee case, the reasonable hourly rate of the person who performed the work.[9]

Accordingly, I recommend that the Court allow the United States to file a separate motion for attorney's fees within a time established by the Court in the Order on this Report and Recommendation.   I further recommend that the Court require the United States to support any such motion with a memorandum of law and, in the memorandum of law, to do the following: (1) explain what type of student loans Hollyfield took out (for example, whether they were FFEL loans, Direct loans, or some other type of student loans); (2) to the extent that the United States continues to rely on the promissory notes as a basis for awarding fees, specifically quote the provision(s) of the promissory notes upon which it relies and file copies of the promissory notes with the relied-upon language circled or in some other way made conspicuous to the Court; (3) specifically identify the federal or state law(s) that allow the United States to recover attorney's fees; (4) establish by citation to authority that the statutes or regulations in question apply to both Hollyfield's loans and to the United States[10]; (5) explain with citation to authority the legal basis on which the Court can make an award of attorney's fees for work not yet performed (such as post-judgment collection work); and (6) to the extent that Hollyfield's loans were not issued under the William D. Ford Federal Direct Loan Program and the United States continues to rely on 34 C.F.R. § 685.202(e)(2), explain why that provision of the regulations

---

[9] So, for instance, if another attorney, a law clerk or a paralegal performed any of the work, the time sheet should contain the name or initials of that person and information sufficient to determine a reasonable hourly rate for that person's work.

[10] So, for example, if the United States cites to a regulation that allows a "lender" or "guaranty agency" to recover attorney's fees (*see, e.g.*, 34 C.F.R. §§ 682.410(b)(2), 682.507(f)), the United States should provide argument and authority supporting the proposition that the United States should qualify as a "lender" or "guaranty agency" on the facts of this case.

applies to Hollyfield's loans. I further recommend that the Court require the United States to support its motion with contemporaneous time records in the form discussed above.

## V. RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Court:

(1) **GRANT in part and DENY in part** the Motion for Entry of Default Judgment (Doc. No. 9);

(2) **FIND** Ronald C. Hollyfield liable to the United States of America for $14,593.35 plus accrued prejudgment interest;

(3) **DIRECT** the United States to submit a proposed judgment with the prejudgment interest calculated *as of the date provided by the Court* following the Court's resolution of the attorney's fee issue;

(4) **ASSESS** $40.00 in costs against Hollyfield;

(5) **DENY** the request for attorney's fees at this time, but provide the United States *a period of time established by the Court* to file a motion, memorandum of law, and evidence in support of its request for attorney's fees and require that any such filing comply with the recommendations I set forth above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2014.

_Karla R. Spaulding_
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge and Courtroom Deputy Clerk
Counsel of Record
Unrepresented Party