# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                                                                 **Case No: 6:14-cv-10-Orl-41KRS**

**RONALD C. HOLLYFIELD,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (Doc. No. 14)**
>
> **FILED:**     **April 21, 2014**

## I. PROCEDURAL HISTORY.

This is a case in which the United States is attempting to collect monies due on two student loans taken out by Defendant Ronald C. Hollyfield. Doc. No. 1. Hollyfield did not appear and respond to the complaint. Following a motion from the United States, the Clerk of Court entered a default against Hollyfield. Doc. Nos. 7, 8. Thereafter, the Court found that Hollyfield was liable and that he owed the United States damages in the amount of $14,593.35 plus accrued prejudgment interest and $40.00 in costs. Doc. No. 13. Because the information provided by the United States to support its request for an award of attorneys' fees was deficient, the Court permitted the United States to file the above-referenced motion.

Because the motion for attorneys' fees was still not supported by sufficient evidence and legal authority, I held a hearing at which counsel for the United States and a member of counsel's law firm appeared and provided additional information.  The United States also filed a supplement to the motion.  Doc. No. 20.  The motion is now ripe for resolution.

**II.     ANALYSIS.**

Hollyfield's student loans were issued by Florida Federal/HAS, guaranteed by the State of Florida, Department of Education and reinsured by the United States Department of Education.  Doc. No. 1-1.  The Federal Family Education Loan ("FFEL") programs allowed private lenders to use their own funds prior to July 1, 2010, to make loans to pay the cost of a student's post-secondary education with the loans being ultimately guaranteed by the Department of Education in the event of a default by the borrower.  34 C.F.R. § 682.100.

Federal law provides that "a borrower who has defaulted on a [student] loan . . . shall be required to pay . . . reasonable collection costs."  20 U.S.C. § 1091a(b)(1).  One of the statute's implementing regulations provides that, for FFEL program loans, if provided for in the borrower's promissory note, the lender may require that the borrower pay costs incurred by the lender or its agents in collecting installments when due, including attorney fees and court costs.  34 C.F.R. § 682.202(f)(1).  These costs may not include routine collection costs associated with preparing letters or notices or making personal contacts with the borrower.  *Id.* § 682.202(f)(2).

In this case, Hollyfield agreed to terms of the promissory notes providing that, if he defaulted, he would pay costs permitted by Federal law necessary for collection of any overdue amount, including attorneys' fees and court costs.  Doc. No. 9 at 10 ¶ VI and 12 ¶ VI.  Accordingly, the United States is legally entitled to an award of attorneys' fees in this case pursuant to § 682.202(f)(1).

Steven Davis, Esq., counsel for the United States, submitted a revised declaration in which he set forth the work performed and the time expended on each task. Doc. No. 20 at 5-6. I determined at the hearing on the motion that these time records were recreated from review of the file rather than contemporaneously maintained records. At my direction, the managing shareholder of the law firm representing the United States conducted an investigation to determine whether the re-creation of the time appears to be correct and whether Attorney Davis performed all of the work listed in his declaration. *See* Doc. No. 16. I am satisfied from the managing shareholder's report of the outcome of his investigation that the tasks performed and hours worked are accurately recreated and that Attorney Davis performed the work.

In his revised declaration, Attorney Davis attests that he worked 10.4 hours on this case. Doc. No. 20 at 5-6.[1] This time includes 0.5 hours corresponding with Hollyfield. I have not found any authority discussing whether an attorney's demand letter before instituting litigation is a "routine collection cost" that is not compensable under § 682.202(f)(2). In the absence of such authority, I recommend that the Court find that once the Department of Education has forwarded a loan in default to an attorney for collection, that the attorney's work to prepare and send a demand letter before instituting litigation is not a "routine collection cost" within the meaning of the regulation. If the Court accepts this recommendation, the hours worked are reasonable in the absence of objection.

Attorney Davis has been a member of the Florida Bar since 1991. *See* The Florida Bar – Find a Lawyer, http://www.floridabar.org/names.nsf/MESearchDK?OpenForm (search "Steven

---

[1] Attorney Davis withdrew his previous request for 2 hours of work that he anticipated he would perform after a judgment is entered.

Mark Davis") (last visited July 29, 2014). He seeks a rate of $200.00 per hour. This hourly rate is reasonable for an attorney with 23 years of experience in a case of this type.

Accordingly, the lodestar attorney's fee is $2,080.00.[2] I recommend that the Court find that this fee is reasonable.

### III. RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Motion for Attorneys' Fees (Doc. No. 14), as revised (Doc. No. 20). I further **RECOMMEND** that the Court require Defendant Ronald C. Hollyfield to pay the United States $2,080.00 in attorneys' fees. I further **RECOMMEND** that the Court direct the Clerk of Court to issue a judgment consistent with its previous order (Doc. No. 13) and its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 29, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] Calculated as follows: $200.00 per hour $\times$ 10.4 hours of work = $2,080.00.